[Cite as *State v. Lynch*, 2024-Ohio-204.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2023-0072 |
| PETER LYNCH | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
Case No. CR 2023-0364


JUDGMENT:               Dismissed


DATE OF JUDGMENT ENTRY:     January 19, 2024


APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio  43701

For Defendant-Appellant

APRIL F. CAMPBELL
CAMPBELL LAW, LLC
545 Metro Place South
Suite 100
Dublin, Ohio  43017

*Wise, J.*

## BACKGROUND

*Lynch pleads guilty*

{¶1} The April, 2023 term of the Muskingum County Grand Jury indicted Appellant, Peter M. Lynch, on two counts of improperly handling firearms in a motor vehicle, a violation of R.C. 2923.16(B), 2923.16(I) [F4] and four counts of menacing by stalking, a violation of R.C. 2903.211(A)(1), 2903.211(B)(2)(b) [F4]. The menacing charges attached a three-year firearm specification. R.C. 2941.145(A).

{¶2} Lynch pleaded not guilty at his arraignment, and the case proceeded before the Muskingum County Common Pleas Court, Judge Fleegle presiding.

{¶3} On July 31, 2023, Lynch appeared before the trial court and changed his pleas from not guilty to guilty to one count of improper handling of a firearm in a motor vehicle and one count of menacing by stalking. Tr. July 31, 2023 at 10. The state dismissed the remaining four counts and the firearm specifications. Tr. July 31, 2023 at 4. In addition, Lynch agreed to forfeit his firearms and submit to a mental health evaluation as part of a presentence investigation. Tr. July 31, 2023 at 3.

{¶4} The trial court, then, pursuant to Crim.R. 11, carefully explained the ramifications of guilty pleas. The trial court explained the rights Lynch was giving up by pleading guilty, including his right to a jury trial and right to confront witnesses. The trial court explained that by pleading guilty, he severely limited his chances of any appeal being successful. Tr. July 31, 2023 at 9-10.

**{¶5}** Lynch signed a Crim.R. 11 Plea Form acknowledging that he was pleading guilty and outlining the consequences of such a plea and potential sentences. Plea of Guilty, July 31, 2023.

*Sentencing*

**{¶6}** On September 6, 2023, Lynch returned to the trial court for sentencing. The trial court heard the arguments of the parties regarding a recommended sentence. Prior to pronouncing sentence, the trial court asked Lynch if he had anything to say to which he responded, "I do apologize to whoever it may concern." Tr. Sept. 6, 2023 at 6.

**{¶7}** Noting that it had reviewed the presentence investigation that loaded firearms were involved and a threat was made, the trial court found Lynch not amenable to community control. It then pronounced sentence – 14 months prison sentence on each of the two fourth-degree felonies to be served concurrently. Tr. Sept. 6, 2023 at 7. The trial court advised Lynch of the optional post-release control and further ordered that the firearms be forfeited and destroyed. Tr. Sept. 6, 2023 at 8.

*Anders Appeal*

**{¶8}** Following his conviction and sentence, a timely Notice of Appeal was filed on his behalf. On October 16, 2023, appellate counsel filed a motion to withdraw as counsel citing *Anders v. California,* 386 U.S. 738, 739, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) alleging that after examining the case, reviewing the record and researching all potential issues, she could find no meritorious issues for review. Counsel alleged, and the record reveals, that she provided Lynch a copy of an appellant's brief containing one potential assignment of error and relevant transcripts.

{¶9}   Lynch filed a *pro se* handwritten document that did not comply with App.R. 16.  In it, he admitted to the felony of improper handling of a firearm in a motor vehicle but said it was an accident and blamed his mother, the victim, for the charge of menacing by stalking.

{¶10}  This matter is now before this Court on the motion of counsel to withdraw pursuant to *Anders* and an independent analysis of the appeal.

## LAW AND ANALYSIS

{¶11}  In *Anders,* the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:

(1)    A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.

(2)    A showing a motion to withdraw has been filed by appellant's counsel.

(3)    The existence of a brief filed by appellant's counsel raising any potential assignments of error.

(4)    A showing the appellant's counsel provided to the appellant a copy of said brief.

(5)    A showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.  *Id* at 744.

**{¶12}** Upon a finding that these criteria have been met, *Anders* requires that the court, not counsel, proceed to decide whether the case is wholly frivolous.  If so, the court may allow appellant's counsel to withdraw and dismiss the appeal.

**{¶13}** If, however, the court finds any legal points, arguably on the merits, it must, prior to decision, afford the indigent appellant the assistance of counsel to argue the appeal.

**{¶14}** *State v. Middaugh*, 5ᵗʰ Dist., Coshocton No. 02CA17, 2003-Ohio-91, ¶¶ 4-9, citing *Anders, supra;* See also Local App.R. 9 (G)(1).

**{¶15}** With that standard in mind, we review this appeal.

**{¶16}** First, we find that Appellant's counsel, through the *Anders* brief filed and her assertions in her motion to withdraw, made a thorough review of the case.  Second, we find that Appellant's counsel filed a motion to withdraw and timely served Appellant with the brief identifying one potential assignment of error and transcripts.  Appellant has filed a *pro se* document indicating that he received a copy of the brief and had an opportunity to respond with his own filing.

**{¶17}** The *pro se* document filed by Appellant fails dismally to comply with App.R. 16.

**{¶18}** It fails to set forth any assignments of error or propositions of law.  The gist of his complaints is that his sentence was unjust and that his mother, the victim, lied and he made no threats to her.  In his filing, he requests that this Court appoint new appellate counsel.

**{¶19}** We turn now to any potential assignments of error.  Appellant pleaded guilty to menacing by stalking and improper handling of a firearm in a motor vehicle.  A guilty

plea is a complete admission to the facts set forth in the indictment, provided that the plea is voluntary, knowing and intelligent. *State v. Colon,* 8th Dist., Cuy. 104944, 2017-Ohio-8478, 99 N.E.2d 1197, ¶15.

{¶20} Accordingly, we turn to the transcripts and record of the plea hearing and sentencing hearing. We review, as Appellant's *Anders'* brief suggests, whether the trial court erred in accepting Appellant's guilty plea and complied with Crim.R. 11. We next review the sentence Appellant received and whether it was within the penalties prescribed for felonies of the fourth degree.

{¶21} We find that Appellant's pleas of guilty were taken in accordance with Crim.R. 11.

{¶22} We further find that the sentence of a concurrent fourteen months in prison was reasonable, not contrary to law and well within the sentencing parameters of R.C. 2929.19, 2929.13, 2929.14. Given that the trial court had a presentence investigation before it, there is no evidence that it did not consider mitigating factors.

{¶23} So, too, the trial court properly considered the need to protect the public from risk and determined a prison term was necessary, R.C. 2929.12. The facts demonstrated that Appellant menaced, threatened and harassed his own mother to the point where she acquired a firearm and sat by the door to prevent his entry. The trial court properly considered the risk that he would commit another crime in view of his acquisition of firearms, including an AK-15 with a bullet in the chamber, or as Appellant states in his filing, his "firearms activism."

{¶24} After a full and complete examination of the record, including a transcript of the proceedings below, we further find this appeal is wholly frivolous. The record,

including the plea hearing and sentencing hearing, lack any legal points arguable on the merits.

**{¶25}**  This Court grants the motion of Appellant's counsel to withdraw from the case, dismisses the appeal and affirms the convictions and sentences of the trial court.

**{¶26}**  APPEAL DISMISSED


By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.


JWW/kt 0116